I concur in the opinion of Judge Pugh. The claim of the defendants, as I understand it, resolves to this: that the city is estopped by reason of the acts of some of its individual officers to assert its lien upon the property in question. In the consideration of this case, I have derived certain impressions that are not fully expressed in the majority opinion, and I deem it proper to express them in a separate opinion. A careful reading of the testimony convinces me that no fact with reference to the release of the security by the city was misrepresented by the city officers. The facts, as I see them, are that both Green and Desmond, in acting for the principal defendant, seem to have assumed that all that was necessary to be done in order that the Bank of North Dakota might have a first lien on the city real estate of the Williston Bank was to satisfy Ludowese personally. It was well understood that the city commission, as such, *Page 824 
had not acted upon the matter, nor was any action by it ever required by Messrs. Green or Desmond; and these men, being experienced bankers, were doubtless sufficiently acquainted with legal formalities to know that the city, as such, was not bound by the individual expressions of its officers not convened for the purpose of transacting public business. They do not even suggest that at any time a meeting of the officers was held for this purpose. They did not require such a meeting nor act upon any purported record of such a meeting, nor upon any report that such a meeting had been held. (Probably Green did not actually know that the city had a claim to the property, but Desmond, indisputably, did know.) They made the loan on the assurance that arrangements had been made that were satisfactory to Ludowese and not on the assurance that the city had agreed to take, or had received, other security equally satisfactory. They were not justified in mistaking the word of either Davidson or Ludowese for the action of the city commission, and it is not conceivable that they did so. There was not so much misrepresentation of fact as reliance upon an erroneous theory that the city would have to be content with whatever satisfied Ludowese. Ludowese might be estopped to say that he was not satisfied with the arrangements actually made, but not the city. Furthermore, the transactions with those whose action it is claimed estop the city were, in part, with men who were known to be personally interested in the continuance of the Williston Bank, and whose personal interests, therefore, might have conflicted somewhat with their duties as public officers. In my opinion, the city is not estopped to rely upon its security.